## Harrison, et al. v. Town of California.

(Decided June 25, 1926.)

### Appeal from Campbell Circuit Court.

1. Municipal Corporations—Only Such Powers can be Exercised Under Grant to Public Corporations as are Clearly Comprehended Within Act or Derived Therefrom by Necessary Implication.—Only such powers and rights can be exercised under grants to public corporations as are clearly comprehended within words of act or derived therefrom by necessary implication, regard being had to objects of grant.
2. Statutes.—Private or special acts of General Assembly are to be construed strictly, and nothing can be done under such acts in excess of that specified and those things necessarily resulting from doing thereof.
3. Municipal Corporations.—Act March 20, 1880 (Acts 1879-80, c. 492), authorizing replatting of named town without specific authority to reduce, alter, or change corporate limits, did not authorize commissioners to change boundaries or permit such to be done, and replatting thereunder did not change boundaries.
4. Municipal Corporations.—Corporate limits, having been fixed by act incorporating town, could not be changed except by affirmative act of city or General Assembly.

BARBOUR & BASSMAN for appellants.

HUBBARD SCHWARTZ for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

The question of whether the real property of appellant, Harrison, situated in or near the town of California, is subject to taxation for municipal purposes, is presented by this appeal. The town of California, one of

the sixth class, is located in Campbell county. It was founded and laid out many years ago, but in 1874 was, by special act of the General Assembly, duly incorporated, and five persons were named trustees to hold an election on the first Saturday in April, 1874, to select trustees or councilmen. Further along the act provides: "Within sixty days after the first trustees are elected and qualified, they can proceed with the assistance of a surveyor to lay off the corporate limits of said town, which shall not exceed one mile square, and within ten days after it is laid off they shall cause to be recorded in the clerk's office a complete map of said town." Pursuant to that act the persons named, with the surveyor, laid off the town, fixed the corporate limits, made a map and caused it to be recorded in the office of the clerk of the county court of Campbell. The map shows the corporate limits to be practically a mile square, with the small town near the center. At the bottom of the map are these words: "Plat of the corporate limits of the town of California, in Campbell county, Ky., made this the 25th day of May, 1874, W. F. Morin, surveyor." The streets shown on the map are few but are designated by name. Only a small part of the territory embraced in the corporate limits is traversed by streets. It is stipulated that the municipality functions with its corporate limits fixed as above indicated. However, on March 20th, 1880, the General Assembly passed another act affecting the town of California, which reads:

"Sec. 1. That J. M. Morgan, John W. Boots, and J. C. Demoss, together with the surveyor of Campbell county, are hereby appointed commissioners, with power to re-plat the incorporated town of California, in said county, and have the same duly recorded in the county clerk's office.

"Sec. 2. All acts in conflict are hereby repealed, and this act shall take effect from its passage."

And it is contended by appellant that the act of 1880 changed the corporate limits of the town and reduced them so as to leave out all his real property, which the town now seeks to subject to taxation for city purposes. Pursuant to the act of 1880, Morgan, DeMoss and Boots, as commissioners, with John D. Ellis, as surveyor, re-platted the town of California, made a map and caused

it to be recorded in deed book 44, at page 346, office of the clerk of the Campbell county court, at Alexandria. With the map the surveyor filed a report, which reads:

"State of Kentucky, county of Campbell, in compliance with an act of the General Assembly of the Commonwealth of Kentucky, 1880, chap. 492, entitled an act appointing commissioners to replat the town of California, Campbell county, Kentucky, I met on the 2nd day of June, 1880, the commissioners, J. M. Morgan, John W. Boots and J. C. DeMoss, and, as they directed, proceeded to make such surveys as were required. We layed out the streets and alleys as shown on the accompanying map. All streets are fifty (50) feet in width and alleys 12 feet. The lots are forty (40) feet front by one hundred and fourteen (114) feet deep, except those lots designated on the map as Evans survey, which are of irregular dimensions. The whole distance between Jefferson street and Madison is 241½ feet. Between Madison and Nelson streets 246½ feet."

It is the contention of appellee town that the act of 1880 authorizing a replatting of the town was intended to definitely fix the streets, alleys and public ways thereof, and to settle disputes concerning the same, and was not intended to and did not affect the corporate limits of the town. The report of the surveyor clearly indicates that the commissioners did not deal with the boundary lines of the town but only with the streets, alleys and lots, for he says, "We laid out the streets and alleys as shown on the accompanying map." He then proceeds to state the width of the streets and the alleys, the width of the lots and their depth and the distance between Jefferson street and Madison street, and Madison street and Nelson street. There is not a word in his report concerning the corporate limits of the town. The map does not deal with the corporate limits but merely with the streets, alleys and lots, etc. No attempt is made to show on the map the location of the corporate limits. If, as contended by appellant, Harrison, the map filed in 1880 under the act directing and permitting a replatting of the town, reduced and fixed the corporate limits at the outside of the lots and streets shown on the plat, then his property, which the city now seeks to subject to taxation for city purposes, is not within the municipality,

but if the corporate limits of the town remain as fixed in 1874 by the commissioners filing the original map, then his property is within the city limits and subject to taxation. The stipulation contains the following provision:

> "It is stipulated that the real estate owned by defendants and described in the petition is located outside of the boundaries shown on the exhibit plat marked 'Y,' and is located within the boundaries shown on the exhibit plat marked 'Exhibit Z plat.'"

The records of the town of California prior to January 2, 1900, are lost and cannot be supplied, so it is impossible for the town to rely upon its ordinances or other records to prove its corporate boundary prior to January, 1900. The stipulation of the parties contains this further provision:

> "It is stipulated that during the period from January 2nd, 1900, to the present time, that the town of California has continuously functioned as a municipality and that the officers of said municipality have assessed, levied and collected taxes upon real estate located within the boundaries, as shown upon the exhibit plat marked 'Z plat.'"

It is a rule of construction of grants to public corporations, such as the town of California, that only such powers and rights can be exercised under them as are clearly comprehended within the words of the act or derived therefrom by necessary implication, regard being had to the objects of the grant. The grant of powers need not specify each particular act to be done or which is permitted to be done, but is sufficient if the words used are comprehensive enough to include the proposed acts. 25 R. C. L. 1091. Private or special acts of the General Assembly, such as the one authorizing the replat of the town of California in 1880, are to be construed strictly. Such acts carry nothing beyond the plain and reasonable meaning of the words employed, and nothing can be done under such acts in excess of that specified and those things which necessarily result from the doing thereof. The act of 1880 authorizing the replat of the town of California made no mention of the corporate limits and did not allow the reduction or extension of the corporate limits or authorize a change therein. The town had been

platted and the map recorded before 1874. In that year it was incorporated and the commissioners directed to fix the corporate limits, and a map was to be made and recorded, and this was later done. That map definitely fixed the boundaries. Legislative authority to replat the town without specific authority to reduce, change or alter the corporate limits of the town did not, it would seem, authorize the commissioners to change the boundaries or permit such to be done. The report of the commissioners under the act of 1880 did not purport to change or alter the corporate limits of the town, and the map filed with the report does not indicate the location of the corporate limits of the town or attempt in any way to change or alter the corporate boundary. The corporate limits having been fixed in 1874 could not be changed except by some affirmative act of the city or the General Assembly, and no such action was taken. The corporate limits, therefore, continued as fixed in 1874. This conclusion is sustained by the facts stipulated that the municipality has throughout all the years regarded all property within the corporate limits as originally fixed, subject to taxation for municipal purposes, and has assessed all such property within the corporate limits fixed in 1874 for taxation and collected the taxes. This contemporary construction alone appears sufficient to warrant the conclusion that the corporate limits of the town are as indicated upon the map recorded and marked "Exhibit Z." The trial court so held and its judgment is affirmed.

Judgment affirmed.